# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN CLINTON CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 21-1001-JDT-cgc |
| | ) | |
| ULRA WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DIRECTING PLAINTIFF TO COMPLY WITH
### 28 U.S.C. § 1915(a)-(b) OR PAY THE $400 CIVIL FILING FEE

On January 4, 2021, Plaintiff Nathan Clinton Church, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, the motion to proceed *in forma pauperis* submitted by Plaintiff is a handwritten document in which he states he has attempted to get the WCF staff to provide him with the notarized documents necessary to file this case. (ECF No. 3 at PageID 12.) He also states that during the past six months he has "not had more than $400 put onto [his] trust fund account altogether." (*Id.*) The document does not provide enough information to allow the Court to determine that Plaintiff is indeed indigent.

Plaintiff is ORDERED to submit either the entire $400 civil filing fee[1] or an *in forma pauperis* affidavit. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. The affidavit form does not need to be notarized, only completed and signed by Plaintiff under penalty of perjury. In addition, Plaintiff should make an another attempt to obtain a copy of his trust account statement for the last six months, even if it is not certified. Plaintiff must submit both the *in forma pauperis* affidavit and trust account statement within 30 days after the date of this order.[2] If he needs additional time to file the documents, he may request an extension of time. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary documents and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*,

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[2] If Plaintiff still is unable to obtain a trust account statement from prison officials, he should so notify the Court. Even if he cannot get a copy of his account statement, however, he must submit the completed *in forma pauperis* affidavit.

assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, *in writing*, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE