UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NATHAN CLINTON CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 21-1001-JDT-cgc |
| ) | |
| ULRA WHITE, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING REQUEST FOR EMERGENCY INJUNCTION,
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

On January 4, 2021, Plaintiff Nathan Clinton Church, who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. §1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.) After Church filed the required documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Church sues Ulra White, a Unit Manager at the WCF, in both her official and individual capacities. (ECF No. 1 at PageID 1, 4.)

Church alleges he filed a grievance in May 2020 complaining that Defendant White was "instructing different gang members to make sure inmates were locking down by count time, no clotheslines, nothing obstructing her capability to look into cells, and more or less doing her job duties." (ECF No. 1 at PageID 1.) He also complained that White referred to white inmates as "white boys." (*Id.*) Church had not received a response to the grievance when he filed this case. (*Id.*) Shortly after he filed the May 2020 grievance, however, gang members allegedly began

referring to Church as a "snitching ass white boy." (*Id.* at PageID 2.) Church asserts he filed a second grievance in June 2020 complaining he was being retaliated against and was in fear for his safety. (*Id.*) In July 2020, he states he contacted his wife and his mother for help in getting him moved away from the gang members who were extorting money from him. (*Id.*)

Church further alleges he was assaulted in August 2020 while he was on the telephone and while an unidentified correctional officer "watched it happen"; he contends this assault occurred on camera. (*Id.*) Thirty minutes later, three gang members entered cell H-F/107 and assaulted him again. (*Id.*) At medication time, Church asked the nurse for medical attention for "severe neck and shoulder pains" and was told to fill out a sick call request. (*Id.*) Church alleges he did so on two different occasions but had received no medical care for his injuries before filing this case. (*Id.*)

On September 25, 2020, Church asked Defendant White to move him out of H-F unit because he was afraid for his life. (*Id.*) As he returned to H unit from school on September 30, White told Church "to get away from the door and to go to FA unit where my new housing location would be that I could not enter to get my personal property that her 'people' would make sure that I receive my belongings." (*Id.* at PageID 3.) When he objected and "tried to enter H-unit to get my property," White threatened Church with pepper spray. (*Id.*) Church states he then witnessed the same gang members who previously assaulted him "getting all of my property." (*Id.*)

Church alleges Defendant White "has been [ceding] control to gang members for the past 13 months that I have been here as my belief to sell drugs and other things for profit, such as extortion of white inmates." (*Id.*) He seeks compensatory and punitive damages, proper medical attention, and lifetime medical benefits for his injuries. (*Id.*)

2

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

3

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Church's claims against Defendant White in her official capacity are treated as claims against her employer, CoreCivic, a private company which manages the WCF.[1]  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners.  *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018).  To prevail on a § 1983 claim against CoreCivic, Church "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  Church does not allege that Defendant White's actions were taken pursuant to a policy or custom of CoreCivic which was the "moving force" behind the alleged violation of his constitutional rights.  His allegations thus do not state a claim against White in her official capacity.

Church alleges he was subjected to retaliation for filing grievances, a claim arising under the First Amendment.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) ("Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution.").  A retaliation claim has three elements:

---

[1] *See* www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html. ("Whiteville Correctional Facility . . . is managed by CoreCivic, a private corrections management firm.").

4

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  Filing a grievance is protected conduct.  *Hill v. Lappin,* 630 at 472.  "[T]he plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In this case, Church alleges that "shortly after" he filed the first grievance in May 2020, gang members began calling him a "snitching ass white boy."  (ECF No. 1 at PageID 2.)  From this, it appears the Court is meant to infer Defendant White told the gang members about the grievance.  But Church does not make any such allegation.

After he filed the second grievance in June 2020, Church alleges the gang members extorted money from him.  He also alleges, in a conclusory manner, that White either did not prevent or allowed gang members to extort money from white inmates and to sell drugs and other items.  Even if that is true, Church does not allege White knew the gang members were targeting him because of his grievances and failed to stop them or that she directed the gang members to do so.  In short, Church has not alleged the retaliation he experienced was the result of White's actions instead of the gang members acting on their own initiative.

With regard to the August 2020 assaults, Church does not sufficiently allege those incidents, occurring two months after the June grievance and three months after the May grievance, were causally connected to those prior grievances.  Church thus does not state a First Amendment retaliation claim.

Church's assertion that he was harmed as a result of White's allowing gang members to control the unit arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). This proscription on cruel and unusual punishment encompasses an inmate's right to personal safety. *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.

Despite his assertion that she allowed gang members to control the unit, Church has not alleged Defendant White had any prior knowledge the August 2020 assault would occur yet made no attempt to prevent it. Nor does Church allege White was present when the assaults occurred.

6

Accordingly, he has not stated an Eighth Amendment claim against White for failure to protect him.

It is unclear whether Church is asserting a claim for lack of adequate medical care, which also arises under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Johnson v. Karnes*, 398 F.3d 868, 873-74 (6th Cir. 2005). To the extent he does so, he fails to state a claim. Church has not sued any identified medical provider. He refers only to an unnamed nurse who told him to fill out a sick call request and then states he had not received medical care for his injuries as of the date he prepared the complaint. That is not enough to state an Eighth Amendment claim for denial of medical care.

To the extent Church is asserting Defendant White was responsible for the gang members taking his personal property on September 30, 2020, the claim arises under the Due Process Clause of the Fourteenth Amendment. However, even if the taking of Church's property can be attributed to White's actions, deprivation of property does not state an actionable claim under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). This is true even if the property is taken intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In order to state a procedural due process claim, "the plaintiff thus must plead that his available state remedies are inadequate to redress the wrong." *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 WL 548225, * 2-3 (6th Cir. Jan. 7, 2020). Here, Church has not alleged that any state remedy, such as filing suit in state court to recover his property, was inadequate.

For all of the foregoing reasons, Church's complaint is subject to dismissal for failure to state a claim.

Along with his complaint, Church filed a "Request for Emergency Injunction/Relief." (ECF No. 2.) In a "Declaration" accompanying the motion,[2] Church asserts he has been physically assaulted and had his life threatened by gang members because of Defendant White's giving control over the unit to those gang members. He fears his knowledge of White's actions has put his life in danger. (ECF No. 2-1.)

In determining whether to issue a temporary restraining order or emergency injunction, the Court must balance four factors: (1) the movant's likelihood of success on the merits, (2) whether the movant will suffer irreparable injury without the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the public interest is best served by granting the injunction. *See Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007) (citing *Northeast Ohio Coal for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006). Given the Court's disposition of his complaint, Church cannot show a likelihood of success of the merits. The request for an emergency injunction is DENIED.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged

---

[2] White's statement is not a declaration signed under penalty of perjury in accordance with 28 U.S.C. § 1746; nor is it sworn and notarized. It therefore has no evidentiary value.

by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds Church should be given an opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Church's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Church is GRANTED leave to file an amended complaint. Any amendment must be filed **within 21 days, on or before February 16, 2021.**

Church is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, must adequately identify all Defendants sued, and must allege sufficient facts to support each claim without reference to any extraneous document. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. If Church fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                                                               s/ **James D. Todd**
                                                                              JAMES D. TODD
                                                                              UNITED STATES DISTRICT JUDGE