UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NATHAN CLINTON CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 21-1001-SHM-cgc |
| ) | |
| ULRA WHITE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF NO. 31);
GRANTING MOTION FOR SANCTIONS (ECF NO. 36);
DENYING MOTION TO DISMISS (ECF NO. 38) AS MOOT; AND
DISMISSING CASE IN ITS ENTIRETY**

Before the Court are: (1) the Motion For Attorney's Fees, filed by Defendant CoreCivic of Tennessee, LLC ("CoreCivic") (ECF No. 31); (2) the Motion For Sanctions, filed by CoreCivic (ECF No. 36); and (3) the Motion To Dismiss For Failure To State A Claim To Relief, filed by CoreCivic (ECF No. 38) (collectively, the "Pending Motions").

For the reasons explained below: (1) the Motion For Attorney's Fees (ECF No. 31) is GRANTED in the amount of two hundred seventy dollars ($270.00); (2) the Motion For Sanctions (ECF No. 36) is GRANTED; (3) the Motion To Dismiss (ECF No. 38) is DENIED as moot; and (4) the case is DISMISSED in its entirety.

**I.    PROCEDURAL BACKGROUND RELEVANT TO THE PENDING MOTIONS**

Church's amended complaint sued Ulra White, Hardeman County Government, CoreCivic, and Correctional Officers Jane/John Doe #1-2. (ECF No. 13.) The Court's November 17, 2021

Order[1] dismissed the Amended Complaint with prejudice in part, denied leave to amend the claims dismissed with prejudice, and proceeded Church's failure-to-protect claims against CoreCivic, against Ulra White in her official capacity, and against the two Doe Defendants in their official capacities. (ECF No. 17 at PageID 89-94.) The Court directed the Clerk to issue process for CoreCivic, White, and the two Doe Defendants. (*Id*. at PageID 89 & 105-06.) The Court ordered Church to provide the two Doe Defendants' names and addresses within thirty days so that the United States Marshals Service could serve process. (*Id*. at PageID 105-06.) On November 18, 2021, summonses issued for CoreCivic and White. (ECF No. 18.) On January 14, 2022, Church filed a motion for discovery "to take discovery prior to the Rule 26 conference … to ascertain the names of correctional officers Doe Defendants 1-2." (ECF No. 20.) After Church had filed the motion for discovery, he learned the name of one of the two remaining Doe Defendants by unspecified means. (*See* ECF No. 19-1 (proposed second amended complaint) at PageID 116 (naming Sergeant Smith as a Defendant).) On January 28, 2022, summons was returned unexecuted for White. (ECF No. 21.) On February 8, 2022, summons was returned executed for CoreCivic. (ECF No. 22.)

On February 15, 2022, J. Austin Stokes, Esquire entered an appearance on behalf of CoreCivic. (ECF No. 23.) On March 2, 2022, CoreCivic filed an answer to the Amended Complaint. (ECF No. 25.) On April 28, 2022, CoreCivic filed a motion to compel (ECF No. 26 (the "MTC")) Church's responses to CoreCivic's Interrogatories and Requests For Production Of Documents (ECF Nos. 26-2 at PageID 170-200 (the "Discovery Requests")), which CoreCivic had served on Church on March 3, 2022. On May 16, 2022, the Court granted the MTC. (ECF No. 28.) The Court's May 16, 2022 Order directed Church to respond to the Discovery Requests on

---

[1] The procedural history of the case before November 17, 2021, is set forth in the Court's November 17, 2021 Order and is not restated here. (*See* ECF No. 17 at PageID 87-89.)

or before Tuesday, May 31, 2022.[2]  (*Id*. at PageID 203.)  The Court awarded CoreCivic its reasonable expenses, including attorney's fees, incurred in filing the MTC.  (*Id*. at PageID 204 (directing CoreCivic to file an affidavit of fees and expenses within fourteen (14) days).)  On May 23, 2022, CoreCivic's counsel[3] filed an Affidavit Documenting Fees (ECF No. 31-1), with a supporting Petition For Attorney's Fees (ECF No. 31).

On May 25, 2022, Church submitted a letter arguing that an award of attorney's fees against him for failure to respond to the Discovery Requests would be "unjust."  (ECF No. 34 (the "Letter") at PageID 217.)  Church says that he has "no available possibilities of being able to get access to the resources needed to respond to the [Discovery Requests]."  (*Id*.)  Church says, for example, that he needs "access to recorded camera footage" to respond to CoreCivic Interrogatory No. 4, which asks Church to describe the assault against him at Whiteville Correctional Facility (the "WCF")[4] in Whiteville, Tennessee in August 2020 (the "Incident").  (ECF No. 34 at PageID 217; *see also* ECF No. 26-2 at PageID 175.)  Church's claims under § 1983 arise from the Incident.  (*See* ECF No. 1.)  Much of the Letter is, in fact, responsive to Interrogatory No. 4's request for a "descri[ption]" of the Incident (*see* ECF No. 26-2 at PageID 175), including the location of the Incident, the "manner in which the [I]ncident began", and "any injuries that you sustained as a

---

[2] Under Fed. R. Civ. P. 6(a), Church's deadline to respond to the Discovery Requests was Tuesday, May 31, 2022.  Monday, May 30, 2022 was the Memorial Day federal holiday.

[3] When Stokes entered an appearance on behalf of CoreCivic, he was an attorney at the firm of Pentecost Glenn & Tilly, PLLC.  (ECF No. 23.)  On May 19, 2022, Nathan D. Tilly, Esquire and Haynes T. Russell, Esquire of Pentecost Glenn & Tilly, PLLC entered appearances on behalf of CoreCivic.  (ECF Nos. 29-30.)  On May 23, 2022, Stokes filed a Motion To Withdraw As Counsel.  (ECF No. 32 (stating that Stokes was, at that time, changing employers).)  On May 23, 2022, the Court granted Stokes's Motion To Withdraw As Counsel.  (ECF No. 33.)

[4] When Church filed his original § 1983 complaint, Church was confined at the WCF.  On April 19, 2021, Church notified the Court that he had been transferred to the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee. (ECF No. 14.) According to the Letter, Church is presently confined at the Morgan County Correctional Complex (the "MCCC") in Wartburg, Tennessee.  (ECF No. 34 at PageID 217.)

result of the [I]ncident". (*See* ECF No. 34 at PageID 217, 218 & 220 ("housing Unit H-F"; "I was on the telephone talking with my wife"; and "serious physical damages [and] also mental and lifelong damages").)

The Letter does not explain why Church is not able to respond to other interrogatories in the Discovery Requests. Those interrogatories seek information in Church's possession, custody, and control. (*See*, *e.g.*, ECF No. 26-2 at PageID 172 (seeking Church's birthdate and prior addresses), PageID 173 (seeking identification of the CoreCivic actions that Church alleges violated his constitutional rights), PageID 174 (seeking Church's prior offenses), PageID 176 (seeking Church's present medications), and PageID 177 (seeking description of Church's grievances filed at the WCF).) The Letter does not state what efforts, if any, Church made to respond to the Discovery Requests after the Court's May 16, 2022 Order warned Church about sanctions for failure to fulfill discovery obligations. The Letter does not demonstrate that Church tried to respond to the Discovery Requests before the deadlines established in (1) Rules 33 or 34 of the Federal Rules of Civil Procedure or (2) the Court's May 16, 2022 Order. For example, Church alleges that he needs "access to the recorded cameras footage stored in the Tennessee Department of Corrections … at the date and time [of the Incident]" (ECF No. 34 at PageID 217), but Church has never sought issuance of a third-party subpoena to the Tennessee Department of Correction for that material.[5]

On June 14, 2022, CoreCivic filed a Motion For Sanctions Pursuant To Fed. R. Civ. P. 37(b)(2)(A) Or In The Alternative For Dismissal For Failure To Prosecute Pursuant To Fed. R. Civ. P. 41(b). (ECF No. 36.)

---

[5] On June 15, 2020, the Court granted leave for Church to submit a proposed third-party subpoena addressed to the WCF. The Letter alleges that Church needs information from the WCF to respond to the Discovery Requests. (*See* ECF No. 37 at PageID 237; ECF No. ECF No. 34 at PageID 217.) Church has never availed himself of that opportunity.

4

On June 15, 2022, the Court entered an Order: (1) granting Church's motion for leave to amend in part; (2) granting Church's motion for expedited discovery; (3) denying CoreCivic's motion for extension of time to answer as moot; and (4) directing Church to provide updated addresses for service of process on White and the remaining Doe Defendant by Friday July 15, 2022. (ECF No. 37.)

On June 29, 2022, CoreCivic filed a Motion To Dismiss For Failure To State A Claim. (ECF No. 38.)

As of the date of this Order, Church has not provided updated addresses for service of process on White and the remaining Doe Defendant. (*See* ECF No. 37 at PageID 232.)

## II.   ANALYSIS

### A.   The Motion For Sanctions

Under Rule 37(b)(2)(A)(v) of the Federal Rule of Civil Procedure, "[i]f a party or a party's officer, director, or managing agent … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following: … [An order] dismissing the action or proceeding in whole or in part."  The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each case.  *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

It is well settled that federal trial courts have the inherent power to manage their own dockets.  *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Federal Rule of Civil Procedure 41(b)[6] "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute"). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). District Courts have "substantial discretion" as to decisions to dismiss for failure to prosecute. *Id.*

Courts consider four factors when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions (the "Dismissal Factors"). *Doe v. Lexington–Fayette Urban Cnty. Gov't*, 407 F.3d 755, 765-66 (6th Cir. 2005) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)); *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*; *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action on a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

---

[6] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Weighing the four relevant factors here, this case should be dismissed with prejudice under Rules 37(b) and 41(b).

1. *Fault*: Even if Church's failure to comply with the Court's May 16, 2022 Order were not driven by bad faith, his failure would reflect "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 17-1042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). Church disregarded efforts by CoreCivic's counsel to resolve, without Court intervention, Church's failure to respond to the Discovery Requests. (*See* ECF No. 26-3 at PageID 201.) Church's indifference to CoreCivic's effort weighs against Church.

Despite the Court's May 16, 2022 Order compelling Church to respond to the Discovery Requests by July 15, 2022, Church has not done so. The Discovery Requests were served on Church nearly seven (7) months ago. Church has not demonstrated good cause for his failure to respond. Even if Church does not have any responsive documents in his possession, he is obligated to identify responsive documents. The first Dismissal Factor supports dismissal.

2. *Prejudice*: The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Because of Church's dilatory conduct, CoreCivic has been prejudiced by being (1) unable to resolve the claims brought against it and (2) required to spend funds pursuing discovery responses. Church has failed to prosecute the case. Church has failed to respond to the Discovery Requests. Church has not complied with the Court's June 15, 2022 Order directing Church to provide White's and the Doe Defendant's addresses for service of process. Church's dilatoriness has prejudiced CoreCivic. (*See* ECF No. 38.) The second Dismissal Factor weighs in favor of dismissal.

3. *Prior Notice*: Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). *See also Wright v. City of Germantown*, No. 11-2607, 2013 WL 1729105, at *3 (W.D. Tenn. Apr. 22, 2013) (granting motion to dismiss for failure to prosecute, where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal"). The Court expressly warned Church that failure to respond to the Discovery Requests could lead to dismissal. (ECF No. 28 at PageID 204.) The third Dismissal Factor supports dismissal.

4. *Appropriateness Of Other Sanctions*: The sanction of dismissal with prejudice is the appropriate result here. Less drastic sanctions have been imposed, to no avail. (*See* ECF No. 28.) Dismissal with prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. Where, as here, a *pro se* litigant has shirked his discovery obligations, dismissal is particularly appropriate. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming dismissal of case due to the plaintiff's "fail[ure] to adhere to readily comprehended court deadlines of which he was well aware … [T]here has been no demonstration that his incarceration was responsible for any inability to proceed in a timely fashion"); *Bowman v. Corr. Corp. of Am.*, No. 1:12-0012, 2013 WL 3306215, at *3 (M.D. Tenn. July 1, 2013) ("Although the Court recognizes the plaintiff's status as a *pro se* litigant, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties"); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, No. 3:06-cv-0613, 2007 WL 2710694, at *3-4 (M.D. Tenn. Sept. 13, 2007) (same). The case should be dismissed with prejudice based on Church's willfulness in shirking discovery obligations and disregarding

the Court's Orders. Church has not heeded the Court's warnings about the consequences of failure to comply with discovery obligations. The fourth Dismissal Factor supports dismissal.

Applying all four Dismissal Factors, dismissal of the case with prejudice is appropriate given Church's inaction; the hardship CoreCivic would face in defending against a nonresponsive adversary; the delay caused by Church's dilatory conduct; and the needless expenditure of resources by the Court and CoreCivic, caused by the Church's inactivity.[7] CoreCivic's Motion For Sanctions is GRANTED. This case is DISMISSED WITH PREJUDICE.

### B. The Motion For Attorney's Fees

In response to the Court's May 16, 2022 Order, CoreCivic submitted the Stokes Affidavit, stating that CoreCivic "incurred attorney's fees in the amount of $270.00, consisting of 1.2 hours of work at a rate of $225.00 per hour" to prepare CoreCivic's April 28, 2022 MTC. (ECF No. 31-1 at PageID 211 (stating that counsel's billable hour rate is "reasonable, customary, and in line with the prevailing local rates").)

The Court concludes that: (1) CoreCivic attempted in good faith to obtain discovery before filing the MTC (*see* ECF No. 26-3 at PageID 201); and (2) Church's failure to provide responses to the Discovery Requests, in compliance with the Federal Rules of Civil Procedure and with the Court's May 16, 2022 Order, was not substantially justified.

Reasonable attorney's fee awards can be determined by the fee applicant's lodestar amount, which is calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate. The attorney's fee must be sufficiently documented for the Court to be able to evaluate it adequately. Whether a fee is reasonable turns on the Court's evaluation of a

---

[7] The unnecessary resource expenditure by the Court includes, but is not limited to, the Court's decision on Church's January 14, 2022 Motion To Take Expedited Discovery. (*See* ECF No. 20 & ECF No. 37 at PageID 235-37.) After the Court had ruled on that motion, Church failed to participate in the discovery he had sought permission to initiate early.

number of factors, including, *inter alia*: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the fee customarily charged in the locality for similar legal services; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of the lawyer or lawyers performing the services. *See All Secure Guard & Patrol Serv., Inc. v. Fed. Home Loan Mortg. Corp.*, No. 14-2575, 2015 WL 7302789, at *1 (W.D. Tenn. Nov. 18, 2015) (internal citations omitted).

Stokes's hourly rate and his documented time spent on the MTC are reasonable and consistent with fees customarily charged.[8] (*See* ECF No. 31-1.) The Motion For Attorney's Fees (ECF No. 31) is GRANTED. CoreCivic is awarded its attorney's fees and expenses in the total amount of two hundred seventy dollars ($270.00).

### III. CONCLUSION

For the above reasons:

A. CoreCivic's Motion For Attorney's Fees (ECF No. 31) is GRANTED in the amount of two hundred seventy dollars ($270.00), pursuant to Fed. R. Civ. P. 37(b). Church is ORDERED to satisfy the sanction WITHIN THIRTY (30) DAYS of the date of entry of this Order;

B. CoreCivic's Motion For Sanctions, specifically for dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 41(b), is GRANTED (ECF No. 36);

C. The case is DISMISSED WITH PREJUDICE for failure to comply with the order of the Court and for failure to prosecute, pursuant to Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 41(b);

---

[8] *See* https://pgmfirm.com/attorneys/austin-stokes/ (Stokes graduated *summa cum laude* from his undergraduate university in 2009, graduated *summa cum laude* from law school in 2012, and "represent[s] individuals, small businesses, large corporations, and governmental entities in a wide variety of cases in both state and federal court").

   D.  CoreCivic's Motion To Dismiss For Failure To State A Claim (ECF No. 38) is DENIED as moot; and

   E.  The case is DISMISSED in its entirety.

IT IS SO ORDERED this 6th day of December, 2022.

            *Samuel H. Mays, Jr.*
            SAMUEL H. MAYS, JR.
            UNITED STATES DISTRICT JUDGE